## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MICHAEL J. WEGENER and L. JEROME PRIBIL,** | ) ) ) | **CIVIL ACTION NO.: _____** |
| **Plaintiffs,** | ) ) | **COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF** |
| **vs.** | ) ) | **CONTRACT, AND REQUEST FOR JURY TRIAL** |
| **AXA SEGUROS, S.A. DE C.V.** | ) ) | |
| **Defendant.** | ) ) ) ) ) | |

COME NOW, the plaintiffs, Michael J. Wegener and L. Jerome Pribil, and for their Complaint against the defendant, AXA SEGUROS, S.A. DE C.V., allege and state as follows:

1.   Plaintiff, L. Jerome Pribil, at all times relevant hereto, was a resident of Sheridan County, Nebraska.

2.   Plaintiff, Michael J. Wegener, at all times relevant hereto, was a resident of Platte County, Nebraska.

3.   Defendant, AXA SEGUROS, S.A. DE C.V., (hereinafter "AXA"), is a foreign insurance company operating within the country of Mexico and the United States, and is authorized to and does conduct an insurance business within the State of Nebraska.

4.   The United States District Court for the District of Nebraska has original jurisdiction over the claims asserted pursuant to 28 U.S.C. §1332 (a)(2). Diversity is complete because Plaintiffs Michael J. Wegener and L. Jerome Pribil are domiciled in the State of Nebraska and Defendant AXA

is the subject of a foreign state. The amount in controversy in this action is reasonably estimated to exceed $75,000.00 exclusive of interest and costs.

5.    On or about May 10, 2013, AXA issued a contractor's equipment and heavy mobile machinery insurance policy, Policy No. TSA414060000, to Kool Agricultural SPR DE RL DE CV (hereinafter "Kool Ag"), insuring, among other things, certain equipment and machinery purchased by them for use in an agricultural business in Campeche, Mexico. Under a specific endorsement in that policy, Michael J. Wegener and L. Jerome Pribil, are named as loss payees. A copy of said policy is attached hereto as Exhibit "A" and incorporated herein by this reference.

6.    Michael J. Wegener and L. Jerome Pribil, as interest holders in Kool Ag purchased certain equipment in the name of Kool Ag which is listed in a separate endorsement to the policy.

7.    During the months of November and December of 2013, plaintiffs purchased from Lindsay Irrigation Company, certain pivot irrigation systems for the purchase price of $1,019,795.38. The sale was to be brokered through Lindsay's equipment dealer, IJS Irrigation, L.L.C. with the sale price guaranteed by the plaintiffs, Michael J. Wegener and L. Jerome Pribil.

8.    When the pivot irrigation systems were delivered to IJS Irrigation, L.L.C. they were misappropriated and never delivered to Kool Ag nor Michael J. Wegener, nor L. Jerome Pribil, or any entity under their custody or control.

9.    A claim was made to Defendant AXA asking for recovery under the policy at which time, the plaintiffs were told there was no coverage for the claim or that benefits were excluded under the policy.

10.   As a result of the claim made for benefits under the policy, Defendant AXA denied coverage and denied that benefits were owed under the policy.

## FIRST CLAIM FOR RELIEF
## (DECLARATORY RELIEF)

11.   The plaintiffs hereby incorporate herein by this reference Paragraphs 1-10 as though fully set forth herein.

12.   There is presently an existing controversy between the plaintiffs and AXA Insurance concerning coverage and benefits under the insurance policy issued by AXA Insurance under which the plaintiffs are loss payees.

13.   A declaratory judgment is necessary to determine the rights of the parties under the insurance policy to include, but not limited to, whether AXA Insurance's denial was improper, illegal and/or contrary to the law and the facts.

## SECOND CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

14.   The plaintiffs hereby incorporate herein by this reference Paragraphs 1-13 as though fully set forth herein.

15.    AXA Insurance has breached its contract with the plaintiffs (i.e., the Insurance Policy) by failing to meet its obligations and conditions as set forth herein.

16.    AXA Insurance has further breached its contract with the plaintiffs (i.e., the Insurance Policy) by failing to afford coverage and pay the plaintiffs compensation for loss and damages suffered by them as discovered in the months of November and December, 2013, and January 2014.

17.    As a direct and proximate result of AXA Insurance's breach of the contract, the plaintiffs have been damaged in an amount in excess of One Million Nineteen Thousand Seven Hundred Ninety-Five Dollars and Thirty-Eight Cents ($1,019,795.38) for the loss of the pivot irrigation system and in an amount in excess of One Million Five Hundred Thousand Dollars ($1,500,000.00) for the loss of other equipment and machinery that was misappropriated.

18.    The plaintiffs have met, complied with and satisfied all obligations and conditions precedent to coverage contained in the insurance policy. At all times relevant herein, all premiums were current and paid on the insurance policy, and the insurance policy was in effect and not expired, lapsed or cancelled at the time of the loss.

19.    The plaintiffs are entitled to recover their damages as outlined in this Complaint, their costs, interest, reasonable attorney's fees pursuant to *Neb. Rev. Stat. § 44-359* or other applicable Nebraska law, and such other and further relief as the Court deems just and equitable.

WHEREFORE, the plaintiffs, Michael J. Wegener and L. Jerome Pribil, pray for:

A.    A declaratory judgment finding that the insurance policy issued by AXA Insurance is a valid, binding and an enforceable contract of insurance,

that it was in effect at the time of plaintiffs' loss, that the plaintiffs met all
obligations and conditions of the insurance policy, and that the insurance
policy provides coverage for damages suffered by the plaintiffs as
described in this Complaint.

B.      A judgment in favor of the plaintiffs and against AXA Insurance for
damages in an amount in excess of Two Million Five Hundred Thousand
Dollars ($2,500,000.00) for the loss of the pivot irrigation systems and
other equipment and machinery; and

C.      A judgment in favor of the plaintiffs and against AXA Insurance for costs
together with reasonable attorney's fees pursuant to *Neb. Rev. Stat. § 44-359*.

## REQUEST FOR JURY TRIAL

Plaintiffs respectfully request a trial by jury and that the designated place of trial
be in Lincoln, Nebraska.

DATED this 16th day of June, 2017.

MICHAEL J. WEGENER and L. JEROME
PRIBIL, Plaintiffs,


By:      */s/Stephen L. Ahl*
Stephen L. Ahl, #10036
Wolfe, Snowden, Hurd, Luers & Ahl, LLP
Wells Fargo Center
1248 O Street, Suite 800
Lincoln, NE 68508
PH: (402) 474-1507
EM: sahl@wolfesnowden.com